UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DODSON,

       Plaintiff,

                            Case No. 13-14346

v.

                            Hon. John Corbett O'Meara

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Joseph Dodson appeals the denial of Social Security disability

benefits. The parties have submitted cross-motions for summary judgment on the

administrative record. For the reasons explained below, Defendant's motion is

granted and Plaintiff's motion is denied.

I.      **Background Facts**

Plaintiff filed an application for Social Security disability benefits on

December 20, 2010, alleging a period of disability beginning on June 1, 2010.

Plaintiff alleged that he is disabled as a result of his diabetes mellitus and

ulcerative colitis. Plaintiff's claim was initially denied on April 15, 2011. Plaintiff

submitted a request for a hearing, which was held on April 2, 2012, before an

administrative law judge ("ALJ").  Plaintiff testified at the hearing and was

represented by counsel.  The ALJ determined that Plaintiff is not disabled and

upheld the denial of his claim.

## II.     Social Security Disability Framework

Under the Social Security Act, disability insurance benefits "are available

only for those who have a 'disability.'" See Colvin v. Barnhart, 475 F.3d 727, 730

(6th Cir. 2007). The Act defines "disability," in relevant part, as "the inability to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.

The Social Security regulations provide that disability is to be determined by

a five-step analysis, which can be summarized as follows:

1.   If claimant is doing substantial gainful activity, he is not disabled.

2.   If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3.  If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4.  If claimant's impairment does not prevent him from doing his past

relevant work, he is not disabled.

5.  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997); see also 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on the claimant throughout the first four steps. . . .  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." Preslar v. Sec'y of Health and Human Servs., 14 F.3d 1107, 1110 (6th Cir. 1994).

In this case, the ALJ  noted that Plaintiff worked 28 hours per week as a security guard since October 3, 2011, thereby engaging in substantial gainful activity for the last three months of 2011 and all of 2012.  The ALJ proceeded to step two, however, because Plaintiff had not engaged in substantial gainful activity from the alleged disability onset date of June 1, 2010, until October 3, 2011.  The ALJ then determined that Plaintiff's impairments were not "severe," and did not proceed past step two of the analysis.

## III.   Plaintiff's Claims and the ALJ's Decision

At the hearing, Plaintiff testified that he has chronic fatigue syndrome and that he falls asleep a lot.  TR at 41.  His diabetes causes him to be fatigued as well.

TR at 53.  He also stated that his ulcerative colitis causes him to use the restroom frequently, which interferes with his sleep at night. Id. at TR 41-42.  Plaintiff testified that he does not have the energy to do anything other than work, buy food, or go to church. Id. at 44.  Plaintiff reported being depressed; he is under a lot of stress because he has received two warnings for falling asleep on the job.  TR at 47-48.

Plaintiff testified that he was not given treatment for chronic fatigue syndrome and was told to keep taking his current medications.  Id. at 45.  For his ulcerative colitis, he takes a colon cleanse or Metamucil and has been recommended a high-fiber diet. Id. at 46.  Plaintiff takes insulin to control his diabetes.  Id. at 50.  Plaintiff is not receiving treatment for depression.  Id. at 48.

Although Plaintiff did not claim to be disabled as a result of depression in his initial benefits application, he stated that he had feelings of depression all the time in his Adult Function Report of January 19, 2011.  As a result, he was sent to a consultative psychological examination on February 28, 2011, which was conducted by Dr. Nick Boneff, a licensed psychologist.  Dr. Boneff diagnosed Plaintiff with "depression secondary to general medical conditions" and stated that his "prognosis is fair."  Appx. at 205.  Based upon his examination, Dr. Boneff found Plaintiff had problems with memory, concentration, and simple

mathematical calculations, but he "displayed some strengths in abstract thinking and also capacity to demonstrate adequate judgment." Id.  Dr. Boneff opined that Plaintiff "would be expected to have difficulty engaging in work type activities other than those of a simple repetitive nature, remembering and executing a two or possibly three step procedure on a sustained basis, with little in the way of independent judgment or decision making required." Id.

The state mental evaluator, Dr. James Tripp, subsequently found Dr. Boneff's opinion to be unsupported by the objective evidence in the record. See ALJ Op. at 18; Appx. at 103.  Dr. Tripp found that Plaintiff's activities of daily living were not significantly limited by his depression because he is able to prepare his own meals, do laundry, use public transportation, handle money, shop, and go to church regularly.  Appx. at 104.

The administrative law judge found Dr. Tripp's opinion to be more convincing that Dr. Boneff's, because of the "paucity of evidence that any significant functional limitation exists because of depression." ALJ Op. at 18.  The ALJ explained in detail that Plaintiff is able to take care of himself and his affairs, had no limitation in social functioning, had mild limitations in the area of "concentration, persistence or pace," and had no episodes of decompensation. Id. at 18-19.  The ALJ also noted that Plaintiff never mentioned depression to any of

his health care providers.  Id. at 18.  The ALJ concluded that Plaintiff's mental

impairment is "nonsevere." Id. at 19.

The ALJ also concluded that Plaintiff's physical impairments are not severe,

and further noted that "there are facts and inconsistencies in the record which

detract from the credibility of the claimant's allegations." Id. at 20.  For example,

the ALJ noted that Plaintiff had been to the gym in May 2011, well after the onset

of his alleged disability. Id.  The ALJ ultimately determined that Plaintiff's

"physical and mental impairments, considered singly and in combination, do not

significantly limit [his] ability to perform basic work activities."  Id.

## IV.    Standard of Review and Analysis

The ALJ's decision is the Commissioner's final decision in this case.  This

court has jurisdiction to review the Commissioner's final administrative decision

pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited: the

court "must affirm the Commissioner's conclusions absent a determination that the

Commissioner has failed to apply the correct legal standard or has made findings

of fact unsupported by substantial evidence in the record." Longworth v. Comm'r

of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

Substantial evidence is "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234,

241 (6th Cir. 2007) (internal quotation marks omitted).  If the Commissioner's

decision is supported by substantial evidence, "it must be affirmed even if the

reviewing court would decide the matter differently and even if substantial

evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health &

Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); see

also Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the

substantial evidence standard "presupposes . . . a zone of choice within which the

decisionmakers can go either way, without interference by the courts").

When reviewing the Commissioner's factual findings for substantial

evidence, the court is limited to an examination of the record and must consider

that record as a whole.  Bass v. McMahon, 499 F.3d 506, 512-13 (6th Cir. 2007);

Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992).  The

court "may look to any evidence in the record, regardless of whether it has been

cited by the Appeals Council."  Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535

(6th Cir. 2001).  There is no requirement, however, that either the ALJ or the court

discuss every piece of evidence in the administrative record. Kornecky v. Comm'r

of Soc. Sec., 167 Fed. Appx. 496, 508 (6th Cir. 2006).  Further, the court does "not

try the case de novo, resolve conflicts in evidence, or decide questions of

credibility." <u>Bass</u>, 499 F.3d at 509; <u>Rogers</u>, 486 F.3d at 247.

Here, Plaintiff contends that the ALJ erred by not giving more weight to the opinion of Dr. Boneff and by failing to find Plaintiff's impairments to be severe. The ALJ carefully explained her reasons for attributing little weight to Dr. Boneff's opinion, and her reasons are supported by substantial evidence in the record. <u>See</u> ALJ Op. at 18-19. The court also finds that the ALJ's finding that Plaintiff's impairments are nonsevere is supported by substantial evidence.

Plaintiff correctly notes that step two of the analysis – regarding the severity of impairments – is a "*de minimus* hurdle in the disability determination process." <u>See</u> <u>Higgs v. Bowen</u>, 880 F.2d 860, 862 (6th Cir. 1988). As the Sixth Circuit has explained, "in the vast majority of cases a disability claim may not be dismissed without consideration of the claimant's individual vocational situation. Nevertheless, Congress has approved the threshold dismissal of claims obviously lacking in medical merit. . . ." <u>Id.</u> "In other words, as this court has recognized, the severity requirement may still be employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." <u>Id.</u>

The medical records and the record as a whole support the ALJ's finding that Plaintiff's impairments do not cause significant limitations in his functioning.

This case "presents the exceptional 'totally groundless' claim properly dismissed on the medical evidence alone." <u>Higgs</u>, 880 F.2d at 863.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.  The court will enter judgment affirming the decision of the Commissioner.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  February 12, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 12, 2015, using the ECF system.

s/William Barkholz
Case Manager
